UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELITO C. MERCADO, )<br>)<br>*Plaintiff*, )<br>)<br>vs. )<br>) 1:21-cv-2961-JPH-MG<br>AIDA RAMIREZ, )<br>)<br>*Defendant*. ) | |

**REPORT AND RECOMMENDATION**

The Court referred this matter to the undersigned for a report and recommendation, [Filing No. 6], to screen the Complaint filed by *pro se* Plaintiff Angelito Mercado, who is currently an inmate at Bartholomew County Jail.  Plaintiff filed his Complaint in state court on November 2, 2021 against Defendant Aida Ramirez, who is the director of the Columbus, Indiana Human Rights Commission (the "Commission").  [Filing No. 5-2 at 1-2.]  Director Ramirez removed the case to this Court on December 2, 2021 on federal question grounds.  [Filing No. 1.]  To date, Director Ramirez has not filed a responsive pleading.

**I.**
**SCREENING STANDARD**

Because Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c) who seeks redress from a government employee, his Complaint is subject to screening under 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A(b), the Court must review the merits of a prisoner's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, *pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
### PLAINTIFF'S ALLEGATIONS IN THIS CASE AND CASE NO. 1:20-CV-2179-JPH-TAB

Plaintiff alleges that in May 2020, he filed a complaint[1] (the "First Complaint") for excessive force against Columbus police officers, and that after the complaint was determined to be "unfounded," he filed an appeal to the Commission. [Filing No. 5-2 at 2.] Plaintiff says that Director Ramirez then contacted him to ask if he wanted to participate in a mediation with the City of Columbus to address the issues raised in his appeal. [Filing No. 5-2 at 2.] Plaintiff says he agreed to the mediation, but that the mediation never occurred. [Filing No. 5-2 at 3.] He alleges that around October and November 2020 he wrote several letters to the Commission asking when the mediation would take place, but his inquiries were ignored. [Filing No. 5-2 at 3.]

Receiving no response regarding the mediation, Plaintiff says that he then "wrote [Director] Ramirez and asked for the appeal to take its normal course," but he says this request was also ignored. [Filing No. 5-2 at 3.] Plaintiff alleges that he wrote Director Ramirez again around April 2021 "in regards to his appeal on the [First Complaint] and the mediation," but that this

---

[1] "Complaint" in this context appears to refer to a Police Complaint Form made available by the City of Columbus. *See* https://www.columbus.in.gov/cprb (last accessed Jan. 4, 2022). According to the website, the City of Columbus has a Community Police Review Board (the "CPRB") "in an effort to foster transparency, gain community trust and respond to the needs of residents as they relate to the Columbus Police Department." *Id.* The Commission "provides technical assistance" to the CPRB. *Id.*

communication was also ignored. [Filing No. 5-2 at 3.] In September 2021, Plaintiff alleges that he made a "final attempt" to contact Director Ramirez regarding his right to appeal the finding that his First Complaint was unfounded but received no response. [Filing No. 5-2 at 3.]

Plaintiff alleges he filed another police complaint against Columbus Police Officer Toby Combest in July 2020 (the "Second Complaint"). Plaintiff says the Second Complaint "was answered and declared unfounded 30 days later." [Filing No. 5-2 at 3.] Plaintiff contends that he timely filed an appeal of this decision with Director Ramirez, but "copies of [his] request for an appeal were returned to [him]." [Filing No. 5-2 at 4.] He says he had several phone calls with employees of the Commission regarding the Second Complaint and his First Complaint, and he "was told numerous times on the telephone that his appeals were submitted to the police cheif [sic] and they didn't know why the appeals were being ignored." [Filing No. 5-2 at 4.]

Notably, Plaintiff has filed a separate lawsuit against several City of Columbus law enforcement officers in another case pending before this Court, *Mercado v. Maddix, et al.*, Case No. 1:20-cv-2179-JPH-TAB. In the operative complaint in that lawsuit, Plaintiff brings excessive force claims against various law enforcement officers and further asserts claims against Columbus Police Chief Michael Richardson and Deputy Chief Steve Norman for their alleged failure to respond to Plaintiff's police conduct complaints. [*See generally* Case No. 1:20-cv-2179-JPH-TAB, Dkt. 109 at 4-5.] Plaintiff specifically alleges that after his complaints were deemed "unfounded," he "filed a timely appeal that was ignored and not responded to" and that several letters to Chief Richardson and Deputy Chief Norman about his police conduct complaints and appeal were ignored. [Case No. 1:20-cv-2179-JPH-TAB, Dkt. 109 at 5, 14.] He contends that his police conduct complaints and appeal are being ignored in retaliation for Plaintiff's filing of lawsuits against various Columbus police officers. [Case No. 1:20-cv-2179-JPH-TAB, Dkt. 109 at 14.]

Based on these allegations, the Court permitted the following claims to proceed against Chief Richardson and Deputy Chief Norman: conspiracy under 42 U.S.C. § 1985, failure to intervene and equal protection in violation of the Fourteenth Amendment, and retaliation under 42 U.S.C. § 1983. [Case No. 1:20-cv-2179-JPH-TAB, Dkt. 118 at 5.] On September 1, 2021, the Court stayed the lawsuit pending the outcome of Plaintiff's criminal case in state court. [Case No. 1:20-cv-2179-JPH-TAB, Dkt. 120.]

Turning back to this lawsuit, Plaintiff alleges that in response to interrogatories posed to Chief Richardson in the now-stayed 1:20-cv-2179-JPH-TAB lawsuit, Chief Richardson "has claimed that the appeals are in the control of the Human Rights Commission," [Filing No. 5-2 at 4], and thus Chief Richardson and Director Ramirez "have both pointed the finger at each other about who is responsible for [his] appeals that have been ignored for more than a year," [Filing No. 5-2 at 5].

### III.
#### DISCUSSION

**A.     Claims Against Director Ramirez**

Plaintiff alleges that Director Ramirez, acting in her official capacity, has conspired with Chief Richardson to deny his appeal in an effort to hide misconduct by Columbus police officers. [Filing No. 5-2 at 5-6.] He further alleges that Director Ramirez treated him differently because of his race and that she "failed to intervene" regarding his appeals and the discrimination he experienced from the Columbus police. [Filing No. 5-2 at 6.]

As with the claims against Chief Richardson and Deputy Chief Norman in Case No. 1:20-cv-2179-JPH-TAB, applying a liberal construction, Plaintiff's Complaint is sufficient to plausibly allege claims against Director Ramirez for conspiracy under 42 U.S.C. § 1985, failure to intervene

and equal protection in violation of the Fourteenth Amendment, and retaliation under 42 U.S.C. § 1983.  Any other claims Plaintiff may be attempting to assert should be dismissed.

Therefore, the undersigned **RECOMMENDS** that the Court allow Plaintiff's claims of (1) conspiracy under 42 U.S.C. § 1985, (2) failure to intervene and equal protection in violation of the Fourteenth Amendment, and (3) retaliation under 42 U.S.C. § 1983 to proceed against Director Ramirez.

**B.     Consolidation**

The second issue identified by the undersigned is whether this lawsuit should be consolidated with Case No. 1:20-cv-2179-JPH-TAB pursuant to Fed. R. Civ. P. 42.  A trial court may order consolidation on its own initiative, absent motions from the parties.  *See Conn. Gen. Life Ins. Co. v. Sun Life Assur. Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000) ("A court can in appropriate circumstances consolidate cases before it …, whether or not the parties want the cases consolidated.").  *See also Northern v. Stroger*, 676 F. App'x 607, 608 (7th Cir. 2017) ("When a plaintiff has filed two suits that involve similar claims against different defendants, a district court should consolidate them rather than dismiss the second one.").  Under Fed. R. Civ. P. 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  That the two cases may be procedurally at different stages does not bar consolidation.  *Fugate v. Martin*, 2019 WL 2088567, at *3 (S.D. Ind. May 10, 2019).

Consolidation serves "[t]he primary purpose … to promote convenience and judicial economy." *Miller v. Wolpoff & Ambramson, LLP*, 2007 WL 2473431, at *2 (N.D. Ind. Aug. 28,

2007). The Court's workload[2] "dictates that every effort must be made to ensure the speedy and efficient administration of justice." *Fugate*, 2019 WL 2088567, at *3. To that end, consolidation is a "'managerial device [that] makes possible the streamlined processing of groups of cases, often obviating the need for multiple lawsuits and trials.'" *Miller*, 2007 WL 2473431, at *2 (quoting Moore's Federal Practice § 42.10, at 42-8 (3d ed. 2005)). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

Here, Plaintiff expressly states that his claims against Director Ramirez are an outgrowth of his claims already pending against Chief Richardson and Deputy Chief Norman in Case No. 1:20-cv-2179-JPH-TAB. The claims against Chief Richardson and Deputy Chief Norman involve common questions of fact and law as the claims against Director Ramirez, namely, whether delays and inaction related to Plaintiff's police complaints and related appeals deprived Plaintiff of a constitutional right or violated federal law and the facts involving handling of the complaints and appeals. The undersigned also notes that the attorneys for Director Ramirez in this case are also representing the Columbus police defendants in Case No. 1:20-cv-2179-JPH-TAB, including Chief Richardson and Deputy Chief Norman. Furthermore, while some discovery has occurred in Case No. 1:20-cv-2179-JPH-TAB, the case is still relatively fresh, with Plaintiff amending his complaint to add claims against Chief Richardson and Deputy Chief Norman less than two months prior to the stay entered on September 1, 2021. [Filing No. 109; Filing No. 120.] No activity has occurred since entry of the stay.

---

[2] In the 12-month period ending September 30, 2020, the weighted filings per judgeship in the Southern District of Indiana stood at 880, first in the Seventh Circuit, and third in the nation. *See* https://www.uscourts.gov/statistics/table/x-1a/judicial-business/2020/09/30 (last accessed Jan. 4, 2022).

For the above reasons, the undersigned **RECOMMENDS** that the Court find that this case involves the same legal questions and facts as those posed in Case No. 1:20-cv-2179-JPH-TAB and that judicial economy would be best served by consolidating the two cases.

## IV.
### CONCLUSION

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** the Court order as follows:

1. The Clerk **shall consolidate** Case No. 1:21-cv-2961-JPH-MG into Case No. 1:20-cv-2179-JPH-TAB and **close** Case No. 1:21-cv-2961-JPH-MG, and no further filings should be made in that case. No final judgment will issue in Case No. 1:21-cv-2961-JPH-MG.

2. The Clerk is **directed** to add Aida Ramirez as a defendant in Case No. 1:20-cv-2179-JPH-TAB.

3. All future filings **shall** be filed in Case No. 1:20-cv-2179-JPH-TAB.

4. The following claims **shall proceed** against Defendant Aida Ramirez: (1) conspiracy under 42 U.S.C. § 1985, (2) failure to intervene and equal protection in violation of the Fourteenth Amendment, and (3) retaliation under 42 U.S.C. § 1983. This ruling is without prejudice to the filing of a proper Fed. R. Civ. P. 12 motion.

5. The stay entered in Case No. 1:20-cv-2179-JPH-TAB is **lifted** for the **sole** purpose of requiring Defendant Aida Ramirez to file a responsive pleading to Plaintiff's Complaint within 28 days following an order on this Report and Recommendation. All other aspects of the stay **shall** remain in place.

Any objections to this Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 1/5/2022

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**

**Distribution via U.S. Mail to:**

Mr. Angelito C. Mercado
933594
Bartholomew County Jail
543 2nd Street
Columbus, IN  47201